**David D. PALMER, Plaintiff–Appellant,**

v.

**Ward Erwin KILPATRICK, et al., Defendants–Appellees.**

No. 02–4229.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before KEITH, MOORE, and GIBBONS, Circuit Judges.

### ORDER

David D. Palmer appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, Palmer pleaded no contest to two counts of raping a person under thirteen years of age, violations of Ohio Rev. Code § 2907.02(A)(1)(b). He filed his current civil rights complaint in 2001, primarily alleging that his plea had been coerced because he did not receive a speedy trial or adequate medical treatment as a pretrial detainee. Thus, Palmer sought damages in his civil rights case, a declaration that his conviction was void, and release from confinement.

A magistrate judge issued a series of reports recommending that the defendants be granted summary judgment and that all of Palmer's claims be dismissed. The district court adopted these recommendations and dismissed the case on September 3, 2002. It is from this judgment that Palmer now appeals. He has moved for the appointment of counsel and for injunctive relief, seeking to have a separate habeas corpus action transferred to a different court.

We review the dismissal of Palmer's case *de novo. See Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Palmer primarily alleged that his no contest plea was coerced and that the trial court lacked jurisdiction over his criminal case because he did not make a valid waiver of his right to a speedy trial. A favorable ruling on these allegations would necessarily implicate the validity of his convictions. Therefore, Palmer has not raised a cognizable claim, as he has not shown that his convictions were reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir. 1995).

The district court also found that Palmer's claims were untimely, and that the defendants were not liable because they were entitled to judicial or prosecutorial immunity, not acting under color of state law, or not legally responsible for the alleged actions of the other defendants. We

need not reach Palmer's objections to these findings, as the rule that was announced in *Heck* provides an adequate basis for dismissing all of his claims.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.